Russell K. GERHARD, a minor, by D. N. Ingman, his guardian ad litem, Appellant,

v.

George PAGAN, Appellee.

No. 16251.

United States Court of Appeals
Ninth Circuit.

April 13, 1959.

David N. Ingman, Kenneth E. Young, Honolulu, Hawaii, for appellant.

Anderson, Wrenn & Jenks, Martin Anderson, Tobias C. Tolzmann, Honolulu, Hawaii, for appellee.

Before POPE, FEE and HAMLEY, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

There was an action brought by a motorcycle rider against the driver of a car for damages claimed to have resulted from a collision between the vehicles upon the Island of Oahu. The driver of the car filed a counterclaim. The cause was tried to a jury, which disallowed the claim of plaintiff and the counterclaim of defendant.

An instruction reciting a statute relating to operating a vehicle while under the influence of intoxicating liquor was read to the jury, who were instructed that they could consider whether a person was so influenced in "determining his conduct and whether or not he was negligent."

Defendant testified he had not had a drink that day. Plaintiff excepted to the instruction because there was "not sufficient evidence before the jury to justify the giving of this instruction."

It might be possible to decide this case upon the ground that plaintiff brought up neither the entire testimony nor a full text of instructions given. Plaintiff can demonstrate that an instruction has no basis in evidence only by bringing up the entire record. He is not entitled to bring up a portion and compel defendant to bring up all the rest in order to attempt to prove the contention of plaintiff.

However, even upon the truncated record submitted, there was sufficient evidence to permit the instruction as to plaintiff. As plaintiff says he had "a couple of beers" in two hours between 2:00 and 4:00 p. m., there is some evidence in the case from which the jury might infer that at some time during that day plaintiff was to some degree "under the influence" of intoxicating liquor.

This Court is asked to say as a matter of fact that "a couple of beers" before 4:00 p. m. could not influence the conduct of plaintiff between 8:50 p. m. and 9:30 p. m., when the accident happened. On the other hand, we are of opinion that, once plaintiff admitted having consumed some intoxicating liquor on the day in question, a jury was entitled to decide under appropriate instruction whether the intake of alcohol, either admitted or inferred, might have had an effect upon the conduct of plaintiff.

The jury were entitled to consider what plaintiff meant by a "couple of beers." They were not required to blind themselves to the fact that this expression might cover a minute quantity or, on the other hand, a debauch. Plaintiff gave other testimony on the subject which the jury were entitled to consider:

"Q. What did you have to drink with your meal, if you remember? A. Well, I am a coffee drinker. It most likely would have been coffee.

"Q. Did you have anything more to drink in the way of an alcoholic beverage after you left Hamilton's residence? A. Not to my recollection."

But the critical factor was whether the conduct of plaintiff constituted contributory negligence at the time of the colli-

sion. Certain of his actions might lead the jury to infer that he was "under the influence."

 There was evidence that Pagan drove his car up to an approach to Nimitz Highway and halted at the stop sign at a time when his lights were pointing not squarely, but obliquely, in the direction from which plaintiff was approaching. The failure of plaintiff to see these lights has no explanation. Pagan drove his car into the intersection. There were no obstructions to view. But plaintiff did not see the car until just before impact. Plaintiff hit the rear end of the car of defendant, which he had opportunity to avoid if he had seen those things he should have seen. A contributing factor was that plaintiff was driving his motorcycle at a speed above the limit on this highway, and which, because of evasive answers by plaintiff, may have been conceived by the jury as much higher. All this would justify, if not compel, the jury to find against plaintiff upon the basis of his contributory negligence alone.

But his conduct at the time of the accident above outlined had more important implications. It raised the inference that he was somehow not quite in possession of his faculties. Besides, there was testimony that plaintiff was unable to walk after the accident and that he suffered from shock. The jury had a right to consider whether his condition had been caused by the accident or was the result of some other cause. The jury might have concluded plaintiff had consumed more liquor than that to which he owned. Under the circumstances, the trial court might well have commented against plaintiff.

The trial court did not direct the jury to find plaintiff was under the influence of liquor. The instruction was impersonal and applied to defendant as well as to plaintiff. It was submitted to the jury for consideration whether any party was under the influence of intoxicating liquor.

 The cause was fairly tried so far as we can determine from the evidence. The jury decided. They were certainly not prejudiced by the giving of the instruction, for they held defendant negligent also and brought in a verdict against the latter on the counterclaim. There is no doubt as to the correctness of the verdict against plaintiff based upon his conduct. The giving of the criticized instruction was proper. No error has been shown.

Affirmed.